Sidney P. CHANDLER, Appellant,

v.

John W. HERNDON d/b/a Gulf Sands Oil & Gas Company, Appellee.

No. 508.

Court of Civil Appeals of Texas, Corpus Christi.

Jan. 8, 1970.

Rehearing Denied Feb. 26, 1970.

Sidney P. Chandler, Corpus Christi, for appellant.

Horkin, Nicolas & Nicolas, Toufic Nicolas, Ralph J. Graham, Corpus Christi, for appellee.

## OPINION

SHARPE, Justice.

Plaintiff-appellant sued defendant-appellee for $1,122.50 alleging that in the year 1967 the parties entered into a joint adventure agreement for the re-working of a gas well which proved unsuccessful and that plaintiff was entitled to recover said amount as his share of unexpended funds.

After non-jury trial plaintiff was denied recovery except for $112.00, representing one eighth (⅛) of the value of property still on hand after operations ceased. The award of $112.00 is not involved in this appeal. The trial court concluded that there was no joint adventure between the parties and recited that holding in the judgment. No other findings or conclusions were requested or filed.

Plaintiff asserts three points of error. The controlling question is whether there was a joint adventure between the parties in connection with the said well re-working operations.

The evidence consists of the testimony of defendant, John W. Herndon, and several exhibits. The written agreement primarily relied on by plaintiff reads as follows:

*Gulf Sands Oil & Gas Company*

*John W. Herndon, Owner*

☆

P. O. DRAWER 6160
ULYSSES 2-4294
CORPUS CHRISTI, TEXAS, 78411

re: Alice National Bank et al Vivian E. Craven #1 Well and 120-acre lease comprised of Farm Lots 39, 40 and 52 of Welder & Odem Subdivision, San Patricio County, Texas .. but only covering the mineral rights from 2600' to 3400' (but through the Gaines 3400' sand, in which this well is completed as a gas well)

Dear Sir:

In consumation of our prior oral agreement in which we agreed to sell to you and you agreed to buy from us, without warranty of title, an undivided 1/8 of our 75% working interest in and to the above-mentioned lease and all rights, claims, demands and obligations which we acquired and now own by virtue of that certain Oil, Gas and Mineral Lease under date of May 1, 1967, between Alice National Bank, et al, and John W. Herndon d/b/a/ Gulf Sands Oil & Gas Company, we hereby transfer, sell and assign to you for the total consideration of $ 1500 00 an undivided 1/8 of our working interest in and to the lease and all rights, claims, demands and obligations acquired by Gulf Sands Oil & Gas Company by virtue of the above-mentioned assignment of Oil, Gas and Mineral Lease . . . but only from the depth of 2600' through the Gaines 3400' sand, as stipulated in that certain Assignment of Oil, Gas and Mineral Lease. It is understood and agreed that this sale and transfer is expressly made subject to all the terms, conditions and provisions of the above-mentioned Assignment of Oil, Gas and Mineral Lease and the terms of the lease involved.

We also agree, and by these presents do agree, to undertake the reworking of the Alice National Bank et al Vivian E. Craven #1 Well located on the above-captioned lease for ourselves and on your behalf, in an attempt to reestablish commercial production of gas. We also agree in consideration of your relinquishing to us your right to participate in the direction and control of the manner of reworking said well, to hold and save you harmless from any damage due to negligence of any person during this rework operation.

The parties hereto agree and elect to be excluded from the application of all the provisions of sub-chapter K, Internal Revenue Code of 1954.

If the above meets with your agreement, please affix your signature in the space provided and attach your check hereto in the amount of $ 1500 00 and return to the undersigned. We will acknowledge receipt of your payment and return one copy of this agreement to you for your files.

Yours very truly,

*John W. Herndon*

ACCEPTED:

*Sidney V. Chandler*
Purchaser

P. O. Box XXXX 6216
Address

Corpus Christi, Texas 78411
City & State

May 9, 1967
Date

Telephone

The defendant's position is largely shown by his letter of December 27, 1968, offered in evidence by plaintiff, reading as follows:

"*Gulf Sands Oil Co.*

*John W. Herndon, President*

P. O. DRAWER 6160
WYMAN 1-6100
CORPUS CHRISTI, TEXAS, 78411

December 27, 1968

Sidney P. Chandler
P. O. Box 6216
Corpus Christi, Texas 78411

Dear Mr. Chandler:

With reference to your previous correspondence regarding the Gulf Sands Oil Co. (Alice National Bank et al) Craven #1 well, and your purchase of a 1/8th working interest in this well, we wish to submit the following information to you since you have chosen to file suit against Gulf Sands Oil Co. for recovery of some of the money which you paid for your working interest in this operation.

We sold 6/8ths working interest in this well at a net of $1000.00 per 1/8th to Gulf Sands Oil Co., the balance being paid as commissions to those parties who sold the interest in the well ($500.00 of your $1500.00 for your 1/8th working interest having been paid to Mr. Joe Neel for the sale of this interest.) I retained a 1/4th (or 2/8ths) working interest, which is quite customary for the operator to do. You will recall that you stated in your previous correspondence that you figured the costs of reworking of the well at $4,000.00, which apparently means that you have already accounted for this sum of money having been spent on this operation. With six-eights having been sold at $1000.00 per 1/8th, the net figure would amount to $6,000.00 having been sold and, as you yourself have figured it, an expenditure of $4,000.00 on the workover operation. We eliminated you from hazards in this operation by our letter of agreement covering your working interest, which meant that we had to have adequate insurance protection in order to do this. I can assure you that for Gulf Sands Oil Co., there was little or no profit from the deal (which we can support if need be in court). We are not speaking of $12,000.00, as you mentioned in your letter of April 2, 1968; instead, we are speaking of a net of $6,000.00 with an excess of $4,000.00 having been spent when my expenses, office expenses, crop damages and land restoration of the drillsite are all taken into consideration.

I feel certain when you receive this information you will reconsider your situation in this matter and agree with me that the sum of money which is involved in this is hardly worth a trip to court to settle.

Very sincerely yours,

JWH/sh
copies to:
    Mr. Ralph Graham
    Mr. Joe Neel

JOHN W. HERNDON "

The testimony of defendant when considered along with the exhibits is legally sufficient to establish the following facts. Defendant was the owner of a 75% working interest in an oil and gas lease on a tract of land near Odem, San Patricio County, Texas, which lease had been obtained from Alice National Bank, Alice, Texas. The plaintiff purchased an undivided one-eighth (⅛) of such working

interest for $1500.00. Defendant agreed to undertake the re-working of the well "in an attempt to re-establish commercial production of gas." The attempt failed and the lease was lost. Defendant sold ⅚ of the working interest to other parties, including a ⅛ interest to plaintiff, at a net of $1000.00 per ⅛ to him, the balance of the sales price being paid as commissions. In plaintiff's case, the amount of $500.00 was paid to Mr. Joe Neel as commission, leaving $1000.00 net to defendant from the amount paid by plaintiff. Defendant spent about $4000.00 on the re-working operations. Plaintiff's ⅛ share of the salvage value of property on the lease was about $112.00.

We agree with appellee that the evidence-supported implied findings of fact support the judgment and that the conclusion of the trial court that there was no joint adventure between plaintiff and defendant is correct.

■ The essential elements of a joint adventure are (1) mutual right of control, (2) community of interest, (3) agreement to share profits as principals, and (4) agreement to share losses, costs or expenses. See Brown v. Cole, 155 Tex. 624, 291 S.W.2d 704 (1956), 59 A.L.R.2d 1011 (1956); Luling Oil & Gas Co. v. Humble Oil & Refining Co., 144 Tex. 475, 191 S.W.2d 716 (1946); Price v. Wrather, 443 S.W.2d 348 (Tex.Civ.App., Dallas, 1969, wr. ref., n. r. e.); North Texas Lumber Company v. Kaspar, 415 S.W.2d 470 (Tex. Civ.App., Dallas, 1967, wr. ref. n. r. e.); C. C. Roddy, Inc. v. Carlisle, 391 S.W.2d 765 (Tex.Civ.App., Ft. Worth, 1965, wr. ref., n. r. e.).

■ Here there was no mutual right of control. The defendant alone had control under express provision of the written agreement relied on by plaintiff, and plaintiff's petition contains an allegation to such effect. The issue of mutual right of control is therefore established against plaintiff by both his pleadings and the evidence. Nor was there community of interest. There was nothing to prohibit plaintiff from holding or selling his undivided interest in the property involved independently of the defendant. It also appears that there was no agreement to share losses, costs or expenses. One portion of the written agreement relied on by plaintiff provides that "this sale and transfer is expressly made subject to all the terms, conditions and provisions of the above-mentioned assignment of oil, gas and mineral lease and the terms of the lease involved." The assignment and lease are not in evidence and we therefore cannot determine what effect they might have on the items of losses, costs or expenses. The testimony of defendant, which was not controverted by plaintiff, was in substance that defendant agreed with plaintiff that the latter would not have any additional obligations on the completion cost of re-working the well. The trial court was authorized to accept the defendant's testimony in such respect and to hold that there was no agreement to share losses, costs or expenses.

Since it appears that three of the essential elements of a joint adventure are lacking in this case, we need not decide whether there was an agreement to share profits as principals. The conclusion of the trial court that there was no joint adventure herein must be upheld.

On the record here presented it appears that plaintiff was no more than an owner of a ⅛ undivided interest in the above-described working interest in the lease and as such was not entitled to a recovery additional to that awarded him by the trial court. Appellant's points are overruled.

The judgment of the trial court is affirmed.