Charles ELROD, Appellant,

v.

Gus BECKER et al., Appellees.

No. 7811.

Court of Civil Appeals of Texas, Beaumont.

April 15, 1976.

Rehearing Denied May 13, 1976.

Jack Fisher, Beaumont, for appellant.

James D. McNicholas, Beaumont, Charles L. Laswell, Houston, for appellees.

STEPHENSON, Justice.

Charles Elrod brought this suit to recover commissions on the sale of lots in a real estate development. Defendants—Gus Becker; Charles Kelley; Vernon Hicks; Guy Dalrymple, d/b/a Wildwood Association—were the original owners; and defendant, Recreation World, Inc., was their assignee. This is an appeal from a judgment granting motions for summary judgment filed by all defendants.

Simply stated, the motions for summary judgment filed in the trial court, and the briefs filed in this court, make it clear that this controversy centers around Tex.Rev. Civ.Stat.Ann. art. 6573a (The Real Estate License Act) (1969). It is admitted that by the pleadings and summary judgment proof, the plaintiff does not have a real estate broker's license which is required by that act in order to maintain such a suit as this.

Plaintiff's position in this court is that because of his relationship with defendants, he is exempt under Tex.Rev.Civ.Stat.Ann. art. 6573a §§ 6(3) and 6(4) (1969) of that act. The pertinent parts of § 6(3) read as follows:

"The provisions of this Act shall not apply to any person acting as attorney-in-fact under a duly executed power of attorney from the owner authorizing the final consummation by performance of any contract for the sale."

The pertinent parts of § 6(4) read as follows:

"This Act shall not apply to the sale . . . of any property, when such sale . . . is made by the owner, . . . or his . . . regular employees, unless the owner . . . is engaged wholly or in part in the business of selling real estate."

The summary judgment proof in this case shows the following: November 1, 1972, the four individual defendants, doing business as Wildwood Association, as owners, entered into a written agreement with Pineywoods Properties, Inc., (P.P.I.) for the sale of lots in Wildwood Resort City. Under the terms of that contract P.P.I. was to receive a prescribed commission for selling such lots among many other provisions, the contract could be cancelled by either party upon thirty days written notice. The last paragraph reads as follows:

"This Agreement is personal to PPI and to Principal and may not be assigned by either of them, but otherwise the obligations hereof shall be binding upon and the benefits hereof shall inure to the parties hereto and their respective heirs, successors, legal representatives and assigns."

December 29, 1973, the operative parts of a written instrument was executed between P.P.I. and plaintiff, to-wit:

"For Ten Dollars and other good and valuable considerations, receipt of which is hereby acknowledged, Pineywoods Properties Inc., does hereby sell and bequeath to Charles Elrod all its right, title and interest in the following:

"A certain existing sales contract with Wildwood Association which contract is nontransferable and is cancellable upon 30 days notice by either party.

"The right to enter into a sales agreement with Wildwood Association, without protest by Pineywoods Properties Inc.

"All accounts receivable and all residual earned commission due from Wildwood Association to Pineywoods Properties, Inc., as to December 20, 1973 and all commissions earned subsequent to December 20, 1973.

"All goods, property and records owned or claims thereto.

"Charles Elrod agrees to pay any outstanding commissions due as of December 20, 1973 and to assume liability for any commission due thereafter. Charles Elrod also agrees to assume any utility bills incurred as of December 20, 1973."

A list of names, sales prices and commissions due was attached to the above instrument, showing the information as of December 31, 1973.

January 4, 1974, plaintiff made a loan from the Peoples State Bank of Kountze in the amount of $6,000, and he executed an installment note in that amount together with a written assignment of residual commissions due by an attached list of individuals who owed the money shown to Wildwood Association who owed the same amount to plaintiff. The total amount of such residual commissions was $11,971.58 as certified by R. R. Samford as escrow agent for Wildwood Association. According to such assignment, Wildwood Association was requested and authorized to pay seventy percent of such funds directly to the bank. Such assignment showed it was agreed to and accepted by Wildwood Association and was signed by Austin Scroggins and R. R. Samford.

This being a summary judgment case, the movants had the burden of proof of negating as a matter of law that this transaction was exempt under Section 6(3) and (4) of Tex.Rev.Civ.Stat.Ann. art. 6573a (1969). We have come to the conclusion that movants have discharged their burden.

Section 6(3) says, in effect, that the act does not apply to sale by a person acting as attorney-in-fact under a duly executed power of attorney from the owner. The uncon-

troverted evidence shows plaintiff did not have a duly executed power of attorney from the owners.

■ Section 6(4) says, in effect, the act shall not apply to a sale by the owner, or his regular employees, unless the owner is engaged wholly, or in part, in the business of selling real estate. The uncontroverted evidence in this case shows these owners were engaged, at least in part, in the business of selling real estate. Plaintiff would have this court place a strained construction on the term "in the business of selling real estate." Under our construction, the owner would not have to sell a lot personally to be in the business of selling real estate. We hold that these owners, by buying, developing, and subdividing a tract of land, were in the business of selling real estate even though they may never have sold a lot in person. See *Macphee v. Kinder*, 523 S.W.2d 509 (Tex.Civ.App.—San Antonio 1975, no writ), and *Gregory v. Roedenbeck*, 141 Tex. 543, 174 S.W.2d 585 (1943).

■ Our courts require a strict compliance with the terms of the Real Estate Dealers License Act if a salesman is to use the courts for recovery for his services. *Hall v. Hard*, 160 Tex. 565, 335 S.W.2d 584 (1960).

AFFIRMED.