COASTAL PLAINS DEVELOPMENT
CORPORATION et al., Petitioners,

v.

MICREA, INC., Respondent.

No. B–7035.

Supreme Court of Texas.

April 26, 1978.

Rehearing Denied June 21, 1978.

Leland B. Kee, Angleton, for petitioners.

John Mercer, Houston, for respondent.

DANIEL, Justice.

This is an action for breach of a contract involving the development and sale of lots in a Brazoria County subdivision. Micrea, Inc., the promoter and seller of lots, brought suit against the landowner, Coastal Plains Development Corporation, and its president and principal stockholder, Charles L. DuCroz. The trial court, after trial to a jury, rendered judgment for Micrea in the sum of $123,393.94. This was affirmed by the Court of Civil Appeals, 553 S.W.2d 816. We reverse the judgment of the courts below and render judgment for Coastal Plains, et al.

The contract which was allegedly breached had its inception in July of 1970. At that time, DuCroz and Jack Adler, president of Micrea, reached an oral agreement concerning the development and subdivision of a tract of land in Brazoria County owned by Coastal Plains. On July 31, 1970, the verbal agreement was reduced to writing.

The contract originally called for the development of a 200-acre portion of the tract, although a subsequent amendment increased the amount of land involved to 720 acres. The duties and responsibilities of each party were delineated by the contract. Coastal was obligated to have the tract subdivided and platted. In addition, it was required to arrange for the construction, improvement and maintenance of the dedicated roadways in the subdivision, until such roads were accepted by the Commissioner's Court of Brazoria County. Coastal Plains was solely responsible for the costs associated with the performance of its contractual duties. Micrea's required performance consisted of offering the lots in the subdivision for sale, and conducting a sales promotion program. All costs arising from these activities were the sole responsibility of Micrea.

Micrea was granted an option by the contract to purchase all lots in the subdivision. The lots were to be sold on a contract of sale basis. The determination of the amount of the down payment collected and the length of the payout period (not to exceed 180 months) was to be made by Micrea in the exercise of its discretion. If the down payment amounted to 20% or less of the total purchase price of the lot, Micrea was entitled to retain such amount to defray its overhead costs. Any amount in excess of 20% was to be forwarded to Coastal Plains. The 20% of cost down payment figure was an estimate which was subject to adjustment to meet actual costs incurred. Net profits were to be equally divided.

Two provisions of the contract are of special importance to the decision of this case. The first, in paragraph VI, reads:

"Both parties shall jointly approve and execute all contracts pertaining to said improvements and development of the subject property."

Paragraph X of the contract provides:

"It is expressly understood and agreed that the performance by the respective parties of their respective obligations under the terms of this contract shall not constitute the parties as partners in con-

nection therewith and neither is the performance of this contract by the respective parties to be considered a joint venture, but to the contrary each party shall be solely responsible for the performance of the respective obligations herein contracted to be undertaken by each respective party."

The development plan was implemented, the subdivision and platting completed, and the road construction was commenced by the road contractor. Micrea embarked on a promotion campaign and actually negotiated the sale of approximately $200,000 worth of lots.

In October of 1970, Micrea submitted an invoice to Coastal Plains in the amount of $13,618.94. This figure represented overhead costs which had not been defrayed by the retained down payments. This invoice was not paid by Coastal Plains. Road building activities ceased, Micrea withdrew its sales force from the subdivision, and the project floundered.

As stated, the trial court rendered judgment for Micrea on a jury verdict in the amount of $123,393.94, representing $109,695.00 in lost profits and $13,698.94 in stipulated expenses.

The Court of Civil Appeals' affirmance was by a divided court, with the majority's principal holdings being that Micrea and Coastal were, in fact, joint ventures and, therefore, exempt from the requirements of the Real Estate License Act.[1] For the reasons hereinafter stated, we reverse and here render judgment that Micrea, Inc., take nothing by its suit.

*Joint Venture*

It is a general rule of construction that when parties have bound themselves to an unambiguous contract, the courts will give effect to the manifest intent expressed therein. *City of Pinehurst v. Spooner Addition Water Co.*, 432 S.W.2d 515 (Tex.1968). However, when the record demonstrates

that the actual effect of the arrangement resulting from the agreement is to create a status different from that stated in the language of the contract, the parties' designation will not control. *Neece v. A.A.A. Realty Co.*, 159 Tex. 403, 322 S.W.2d 597 (1959).

Paragraph X of the contract expressly negatives any intent on the behalf of the parties to create a joint venture or partnership. However, Micrea attempted to establish the existence of a joint venture by showing that such a relationship arose by the actual operation under the contractual provisions. It insists that the reality of the contractual arrangement varied from the intent expressed in paragraph X. We disagree.

A joint venture, being "ex contractu," must be based upon an agreement, either express or implied. *Donald v. Phillips*, 13 S.W.2d 74 (Tex.Com.App.1929, judgmt adopted); *Fuller v. Flanagan*, 468 S.W.2d 171 (Tex.Civ.App.1971, writ ref'd n. r. e.); *Henning v. Cox*, 148 F.2d 586 (5th Cir. 1945); 2 S. Williston, Williston on Contracts § 318A (3d ed. 1959). Beyond this threshold requirement, several essential elements are generally recognized. These elements are (1) a community of interest in the venture, (2) an agreement to share profits, (3) an agreement to share losses, and (4) a mutual right of control or management of the enterprise. *Brown v. Cole*, 155 Tex. 624, 291 S.W.2d 704 (1956); *Luling Oil & Gas Co. v. Humble Oil and Refining Co.*, 144 Tex. 475, 191 S.W.2d 716 (1945); *Chandler v. Herndon*, 450 S.W.2d 703 (Tex.Civ.App. 1970, writ ref'd n. r. e.). The intention of the parties to a contract is a prime element in determining whether or not a partnership or joint venture exists. *Luling Oil & Gas Co. v. Humble Oil and Refining Co., supra; Holman v. Dow*, 467 S.W.2d 547 (Tex.Civ.App.1971, writ ref'd n. r. e.).

---

1. Article 6573a, Vernon's Annotated Texas Civil Statutes. All citations are to Vernon's Annotated Texas Civil Statutes unless otherwise indicated.

Article 6573a has been amended substantially since 1970, but this case is governed by the language of the statute as of that date.

It is undisputed that the relationship between the parties is based upon a valid written contract. As evidence of the existence of the remaining elements of a joint venture, Micrea relies upon the actions of the parties and the operative provisions of the contract, including (1) the paragraph which calls for an equal division of the profits, (2) the paragraph, quoted above, which requires joint approval and execution of all contracts concerning the development, and (3) the dissemination of certain advertising material which referred to the Cedar Lake Estates, the subject subdivision, as a joint venture of Micrea and Coastal Plains.

■ We are not persuaded by the description of the relationship in the advertising material. Just as the words used by the parties in a contract do not necessarily control the substance of the relationship, the terms used by the parties in referring to the arrangement do not control. Further, there is no claim by any party that the representations in the advertising material were relied upon, so as to raise an issue of estoppel.

Even if the provision for equal division of profits was sufficient, the contract did not have any agreement for sharing the losses. The latter was essential to constitute a joint venture. Micrea contends that this requirement was met by the "joint approval and execution of contracts" clause in the contract. However, by the express terms of the contract, Coastal Plains was solely responsible for the costs of road building. Although the contract also states that Micrea is solely responsible for the costs of advertising and selling, these costs were to be offset by the retained down payments. If the retained money failed to compensate Micrea for its overhead costs, Micrea could, and did, invoice Coastal Plains for the difference. In fact, one facet of the instant cause of action is Micrea's plea for recovery of $13,698.94 in unpaid overhead costs. The only other costs upon which evidence was presented was a $180,000 loan evidenced by a note signed by Micrea, Adler, Coastal Plains, DuCroz, and Mr. DuCroz's mother and father. However, the collateral for the loan was the land owned by Coastal Plains.

■ Based upon the clearly expressed intent of the parties, and the absence of any contrary provision for the sharing of losses, we hold that the parties were not participants in a joint venture.

### Real Estate License Act

■ Coastal Plains contends that Micrea cannot prevail in this action because it has not complied with § 19 of Article 6573a, the Real Estate License Act. We agree. That section prohibits suits for compensation for certain name services by a person or company not duly licensed as a real estate broker or salesman at the time the services are commenced.[2]

Although the president of Micrea, Adler, was duly licensed at all times relevant to this case, it is undisputed that Micrea was not so licensed until September 2, 1970.

The services referred to in § 19 are set forth in § 4(1) of Article 6573a. They include selling, offering to sell, negotiating the sale of or advertising or holding oneself out as being engaged in the business of selling real estate. The undisputed evidence establishes that the contract between Micrea and Coastal was negotiated, advertising and promotion begun, and some lot sales consummated prior to September 2, 1970. These actions clearly fall within the terms of § 4(1).

Micrea asserts that, even though it was not properly licensed at all times, the lost profits for which it sues all relate to the period of time after the issuance of its license. This argument must fail because § 19 clearly requires that the entity seeking

2. "Sec. 19. No person or company may bring or maintain any action for the collection of compensation for the performance in this State of any of the acts set out in subdivision (1) of Section 4 hereof without alleging and proving that the person or company performing the brokerage services was a duly licensed real estate broker or salesman at the time the alleged services were commenced; or was a duly licensed attorney-at-law as exempt from the provisions of this Act by Section 6."

compensation be licensed at the time the services were *commenced.* Again, the undisputed evidence establishes that the services performed pursuant to the contract began no later than July of 1970. Thus, the services were commenced at a time when Micrea was unlicensed.

Micrea would distinguish the instant case from one subject to the provisions of the Real Estate License Act on the basis that this is a suit for damages occasioned by a breach of contract, not a suit for compensation. The term "compensation" as used in § 19 is defined in § 4(5) to "include any fee, commission, salary, money or valuable consideration, *as well as the promise thereof and whether contingent or otherwise.*" (Emphasis supplied.) This action is one for lost profits which are nothing more or less than anticipated "compensation" for the rendition of the services of a real estate broker or salesman.

As another basis for avoiding the applicability of § 19, Micrea points out that Jack Adler was duly licensed at all relevant times. This fact is asserted to establish substantial compliance with the provisions of the Act. Without expressing an opinion as to whether this fact would constitute substantial compliance, we hold that substantial compliance will not suffice. An entity seeking to recover compensation for any of the services listed in § 4(1) of the Act must strictly comply with § 19 in order to use the courts of this State. *Hall v. Hard,* 160 Tex. 565, 335 S.W.2d 584 (1960); *Elrod v. Becker,* 537 S.W.2d 84 (Tex.Civ. App.1976, writ ref'd n. r. e.); *Macphee v. Kinder,* 523 S.W.2d 509 (Tex.Civ.App.1975, no writ).

Lastly, Micrea contends that even if it is applicable by its terms, Coastal Plains waived § 19 by failing to plead it as an affirmative defense, pursuant to Rule 94. A reading of § 19 reveals that the burden of pleading and proving licensure is placed upon the party seeking to use the courts to collect compensation, and it has been so held. *Hall v. Hard, supra.* This interpretation of § 19 is supported by the "strict compliance" rule stated by the previously cited cases.

Although Coastal Plains did not plead Micrea's lack of proper license, at the close of the presentation of Micrea's case, Coastal Plains moved for an instructed verdict on that very basis. Micrea's counsel did not claim surprise, but rather argued that his client was exempt from the licensing requirement as a joint venturer. The motion for instructed verdict timely called the trial court's attention to Micrea's failure to plead and prove licensure, and, thus preserved any error of the trial court in not dismissing the action.

Accordingly, the judgments of the courts below are reversed and judgment is here rendered that Micrea, Inc., take nothing by its suit against Coastal Plains Development Corporation and Charles L. DuCroz.

## ON MOTION FOR REHEARING

On motion for rehearing it was called to our attention that our judgment did not take into account a separate portion of the trial court's judgment from which no appeal had been prosecuted. At trial Coastal Plains Development Corporation and Charles L. DuCroz prosecuted a cross-action against Micrea, Inc., and Jack Adler for an alleged breach of the contract in question. The trial court rendered judgment on the jury verdict that Coastal Plains and DuCroz take nothing on their cross-action. No appeal was taken from that portion of the trial court's judgment, and this Court did not intend to reverse that portion of the trial court's judgment.

For the limited purpose of correcting our judgment in this respect, Micrea's motion for rehearing is granted, and the judgment of this Court embodied in the last paragraph of our opinion of April 26, 1978, is changed to read as follows:

That portion of this cause consisting of a cross-action by Coastal Plains Development Corporation and Charles L. DuCroz against Micrea, Inc., and Jack Adler, and the judgment of the trial court that Coastal Plains and DuCroz take nothing against Micrea and Adler, is severed from

Micrea's original cause of action against Coastal Plains and Charles L. DuCroz. As to the remaining cause of action, the judgments of the courts below are reversed and judgment is here rendered that Micrea, Inc., take nothing in its action against Coastal Plains and Charles L. DuCroz. Rule 503, Tex.R.Civ.P.

In all other respects, Micrea's motion for rehearing is overruled.