TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-99-00144-CV







South Austin Market Place, Inc., Appellant



v.



James F. Parker Interests, Inc. and David Petrick, Appellees







FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY


NO. 241,543, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING







 South Austin Market Place, Inc. ("South Austin"), appellant, leased its property
to the Texas Department of Criminal Justice ("TDCJ"). Appellees James F. Parker Interests, Inc.
and David Petrick, (1) who introduced TDCJ to the property, sued South Austin to recover a
brokerage commission they claim is due to them under a commission agreement with South
Austin. Both parties filed motions for summary judgment. The trial court granted summary
judgment in favor of the Brokers, and South Austin perfected this appeal. Because the record
does not contain conclusive proof that the Brokers are licensed brokers as required by statute, we
will reverse the summary judgment and remand the cause to the trial court for further
proceedings.


FACTUAL AND PROCEDURAL BACKGROUND


 By letter dated March 6, 1996, Parker and South Austin entered into a commission
agreement by which South Austin promised to pay a commission to Parker if he found a tenant
for certain commercial property owned by South Austin. The same letter registered TDCJ as a
prospective tenant of the property. The commission agreement provides, in pertinent part:


In the event of or upon the consummation of a lease on the above described
property with [South Austin] and [TDCJ], [South Austin] hereby agrees to pay to
[Parker] . . . for personal services rendered in procuring said Lessee a gross
commission equal to ten percent (10%) of the gross rental income for leases of two
(2) years or less; and, six percent (6%) of the gross rental income for leases of two
(2) years or more. This agreement shall cover any and all expansions and renewals
over the original or primary term of said lease, said commission to be paid upon
execution of the lease agreement.


If, within 365 days from the date of introduction of property to a prospective lessee
or renter, the property is leased or rented to anyone to whom [Parker] has
introduced the property, then [South Austin] shall be obligated to pay [Parker] the
commission contemplated by this agreement.



 Parker knew that TDCJ was in need of immediate, long-term office space. A state
agency may enter into an "emergency lease" of two years or less without going through a
competitive bid process, but must solicit bids for leases longer than two years. Parker and Petrick
were successful in brokering an "emergency lease" between South Austin and TDCJ for a term
of fifteen months. Upon execution of that lease, the Brokers sought from South Austin the 10%
commission due to them under the agreement. The parties agreed that South Austin could pay the
commission over time as it received payments from TDCJ, and eventually the entire commission
on the "emergency lease" was paid.

 TDCJ soon began the bid process for a long-term lease, and South Austin was
ultimately awarded the contract. During the bid process, the Brokers assisted South Austin in
determining its bid and convincing TDCJ that the property could be adapted to its needs. The
long-term lease with TDCJ was signed on February 12, 1998, and amended on March 13, 1998. 
After TDCJ awarded the lease to South Austin, the Brokers sought the 6% commission from
South Austin as provided in the brokerage agreement. South Austin declined to pay the
commission sought and instead offered to pay the Brokers a 3% commission, to be paid in
installments as TDCJ began paying rent on the property. The Brokers refused to accept this lesser
amount and instead hired an attorney to demand the full 6% commission from South Austin. 
When South Austin continued to refuse to pay that amount, the Brokers filed this lawsuit.

 South Austin moved for summary judgment on the ground that the brokerage
agreement requires it to pay a commission only if the property is leased to a tenant "within 365
days from the date of introduction of property to a prospective lessee." Since the lease at issue
was signed in February 1998, almost two years after the March 1996 letter registering TDCJ as
a prospective lessee, South Austin argues that the plain language of the contract shows that no
commission is owed on the second lease.

 The Brokers filed their own motion for summary judgment, arguing that the
language referenced by South Austin above applies only to tenants other than TDCJ. They
claimed that the brokerage agreement "applies to the Second Lease by its terms, based upon the
prior conduct of the parties, based upon the circumstances surrounding its execution, and based
upon the admissions of [South Austin]." (2) The trial court granted the Brokers' motion for
summary judgment and awarded them $74,000 plus interest, costs, and attorney's fees.

 South Austin now appeals, arguing that the Brokers were not entitled to judgment
because they failed to prove that either Parker or Petrick was a duly licensed broker when they
provided the services for which they now seek a commission. Even assuming the validity of the
agreement as to both brokers, South Austin urges that the plain language of the agreement does
not support entitlement to a commission for the second, long-term lease. South Austin asks us
to reverse the grant of summary judgment in the Brokers' favor and to grant its own motion for
summary judgment.


DISCUSSION


 The standards for reviewing a trial court's grant of a motion for summary judgment
are well established: (1) the movant for summary judgment has the burden of showing that no
genuine issue of material fact exists and that it is entitled to judgment as a matter of law; (2) in
deciding whether there is a disputed material fact issue precluding summary judgment, evidence
favorable to the nonmovant will be taken as true; and (3) every reasonable inference must be
indulged in favor of the nonmovant and any doubts resolved in its favor. See Nixon v. Mr.
Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985). The function of summary
judgment is not to deprive litigants of the right to trial by jury, but to eliminate patently
unmeritorious claims and defenses. See Swilley v. Hughes, 488 S.W.2d 64, 68 (Tex. 1972).

 South Austin asks us to reverse the grant of summary judgment in the Brokers'
favor because they failed to offer proof that they were duly licensed brokers when they provided
the services for which they seek to recover a commission. The Real Estate License Act provides
that a broker seeking to collect a commission "may not bring or maintain an action for the
collection of compensation . . . without alleging and proving that the person performing the
brokerage services was a duly licensed real estate broker or salesperson at the time the alleged
services were commenced." Tex. Rev. Civ. Stat. Ann. art. 6573a § 20(a) (West Supp. 2000).

 The Real Estate License Act requires strict compliance before a broker may
recover. See Coastal Plains Dev. Corp. v. Micrea, Inc., 572 S.W.2d 285, 289 (Tex. 1978). 
Because the record contains no evidence that either Petrick or Parker was a duly licensed real
estate broker or salesperson when the Brokers helped South Austin obtain the lease in question
from TDCJ, South Austin argues that the summary judgment in favor of the Brokers must be
reversed.

 The Brokers counter that the undisputed evidence in the record is strong enough
to establish through indirect evidence that they are licensed brokers. (3) They point to the fact that
South Austin previously paid them a commission under the agreement that is now the subject of
this lawsuit. Also, the commission agreement at issue refers to Parker as "Broker," and Parker
is referred to throughout the record as a "broker." And because South Austin never challenged
the Brokers' credentials when they provided the services for which they now seek a commission,
they argue that South Austin accepted that they were, in fact, licensed brokers.

 Assuming without deciding that indirect evidence can be used to satisfy the
statutory requirement, the evidence in the record is insufficient to prove conclusively that the
Brokers are "duly licensed real estate broker[s] or salesperson[s]" as required by section 20(a). 
At most, the evidence shows only that the parties conducted business as though Parker and Petrick
were licensed brokers. It does not constitute conclusive proof that they were in fact licensed
brokers. "[T]he burden of pleading and proving licensure is placed upon the party seeking to use
the courts to collect compensation." Coastal Plains Dev. Corp., 572 S.W.2d at 289; see also
Conrad v. Artha Garza Co., 615 S.W.2d 238, 240 (Tex. Civ. App.--Dallas 1981, no writ). 
Because they failed to prove conclusively that they were licensed brokers at the relevant time, the
Brokers were not entitled to summary judgment on this record.

 South Austin further asks this Court to render judgment in its favor based on its
own motion for summary judgment. It reads the commission agreement to include a 365-day limit
on the time in which the Brokers could earn a commission for the TDCJ lease. Since the lease
was undisputedly signed more than 365 days after TDCJ was introduced to the property, South
Austin argues that the commission agreement, by its terms, precludes the recovery the Brokers
seek. Without deciding whether an ambiguity exists in the contract, we hold that South Austin
has not conclusively proven that its interpretation of the agreement is the only reasonable
interpretation. Summary judgment is therefore inappropriate, requiring that we remand the cause
to the trial court for further consideration.

CONCLUSION


 We hold that the trial court erred by granting judgment in favor of the Brokers
because they did not prove conclusively that they were duly licensed real estate brokers as
required by statute. South Austin likewise did not prove conclusively that it was entitled to
judgment on the contract. We therefore reverse the trial court's judgment and remand the cause
for further proceedings.



 

 J. Woodfin Jones, Justice

Before Justices Jones, Kidd and Patterson

Reversed and Remanded

Filed: March 9, 2000

Do Not Publish

1. James F. Parker is the owner of James F. Parker Interests, Inc. David Petrick is an
employee of James F. Parker. Collectively, we will refer to the two as "the Brokers." When
necessary, we will refer to both James F. Parker individually and his business as "Parker," and
to David Petrick as "Petrick."
2. Both parties agree that the second, long-term lease cannot be characterized as an
"expansion or renewal" of the original lease that would require a commission under the
agreement.
3. The Brokers also assert that, because South Austin referred to Parker and Petrick as
"Brokers" in its brief to this Court, this short-hand designation amounts to a judicial admission
that Parker and Petrick are duly licensed brokers. We find this argument unmeritorious.

, 572 S.W.2d 285, 289 (Tex. 1978). 
Because the record contains no evidence that either Petrick or Parker was a duly licensed real
estate broker or salesperson when the Brokers helped South Austin obtain the lease in question
from TDCJ, South Austin argues that the summary judgment in favor of the Brokers must be
reversed.

 The Brokers counter that the undisputed evidence in the record is strong enough
to establish through indirect evidence