TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






ON MOTION FOR REHEARING









NO. 03-99-00144-CV







South Austin Market Place, Inc., Appellant



v.



James F. Parker Interests, Inc. and David Petrick, Appellees







FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY,


NO. 241,543, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING







 The opinion and judgment filed herein on March 9, 2000, are withdrawn, and the
following opinion is substituted in lieu of the earlier one.

 South Austin Market Place, Inc. ("South Austin"), appellant, leased its property
to the Texas Department of Criminal Justice ("TDCJ"). Appellees James F. Parker Interests, Inc.
and David Petrick, (1) who introduced TDCJ to the property, sued South Austin to recover a
brokerage commission they claim is due to them under a commission agreement with South
Austin. Both parties filed motions for summary judgment. The trial court granted summary
judgment in favor of the Brokers, and South Austin perfected this appeal. Because Petrick was
not a party to the agreement that the Brokers seek to enforce, and because the record does not
contain conclusive proof that Parker is a licensed broker as required by statute, we will reverse
the summary judgment and remand the cause to the trial court for further proceedings.


FACTUAL AND PROCEDURAL BACKGROUND


 By letter dated March 6, 1996, Parker and South Austin entered into a commission
agreement by which South Austin promised to pay a commission to Parker if he found a tenant
for certain commercial property owned by South Austin. The same letter registered TDCJ as a
prospective tenant of the property. The commission agreement provides, in pertinent part:


In the event of or upon the consummation of a lease on the above described
property with [South Austin] and [TDCJ], [South Austin] hereby agrees to pay to
[Parker] . . . for personal services rendered in procuring said Lessee a gross
commission equal to ten percent (10%) of the gross rental income for leases of two
(2) years or less; and, six percent (6%) of the gross rental income for leases of two
(2) years or more. This agreement shall cover any and all expansions and renewals
over the original or primary term of said lease, said commission to be paid upon
execution of the lease agreement.


If, within 365 days from the date of introduction of property to a prospective lessee
or renter, the property is leased or rented to anyone to whom [Parker] has
introduced the property, then [South Austin] shall be obligated to pay [Parker] the
commission contemplated by this agreement.



 Parker knew that the TDCJ was in need of immediate, long-term office space. A
state agency may enter into an "emergency lease" of two years or less without going through a
competitive bid process, but must solicit bids for leases longer than two years. Parker and Petrick
were successful in brokering an "emergency lease" between South Austin and TDCJ for a term
of fifteen months. Upon execution of that lease, the Brokers sought from South Austin the 10%
commission due to them under the agreement. The parties agreed that South Austin could pay the
commission over time as it received payments from TDCJ, and eventually the entire commission
on the "emergency lease" was paid.

 TDCJ soon began the bid process for a long-term lease, and South Austin was
ultimately awarded the contract. During the bid process, the Brokers assisted South Austin in
determining its bid and convincing TDCJ that the property could be adapted to its needs. The
lease with TDCJ was signed on February 12, 1998, and amended on March 13, 1998. After
TDCJ awarded the lease to South Austin, the Brokers sought the 6% commission from South
Austin as provided in the brokerage agreement. South Austin declined to pay the commission
sought and instead offered to pay the Brokers a 3% commission, to be paid in installments as
TDCJ began paying rent on the property. The Brokers refused to accept this amount and instead
hired an attorney to demand the full 6% commission from South Austin. When South Austin
continued to refuse to pay that amount, the Brokers filed this lawsuit.

 South Austin moved for summary judgment on the ground that the brokerage
agreement requires it to pay a commission only if the property is leased to a tenant "within 365
days from the date of introduction of property to a prospective lessee." Since the lease at issue
was signed in February 1998, almost two years after the March 1996 letter registering TDCJ as
a prospective lessee, South Austin argues that the plain language of the contract shows that no
commission is owed on the second lease.

 The Brokers filed their own motion for summary judgment, arguing that the
language referenced by South Austin above applies only to tenants other than TDCJ. They
claimed that the brokerage agreement "applies to the Second Lease by its terms, based upon the
prior conduct of the parties, based upon the circumstances surrounding its execution, and based
upon the admissions of [South Austin]." (2) The trial court granted the Brokers' motion for
summary judgment and awarded them $74,000 plus interest, costs, and attorney's fees.

 South Austin now appeals, arguing that the Brokers were not entitled to judgment
because they failed to prove that either Parker or Petrick was a duly licensed broker when they
provided the services for which they now seek a commission. Even assuming the validity of the
agreement as to both brokers, South Austin urges that the plain language of the agreement does
not support entitlement to a commission for the second, long-term lease. South Austin asks us
to reverse the grant of summary judgment in the Brokers' favor and to grant its own motion for
summary judgment.


DISCUSSION


 The standards for reviewing a trial court's grant of a motion for summary judgment
are well established: (1) the movant for summary judgment has the burden of showing that no
genuine issue of material fact exists and that it is entitled to judgment as a matter of law; (2) in
deciding whether there is a disputed material fact issue precluding summary judgment, evidence
favorable to the nonmovant will be taken as true; and (3) every reasonable inference must be
indulged in favor of the nonmovant and any doubts resolved in its favor. See Nixon v. Mr.
Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985). The function of summary
judgment is not to deprive litigants of the right to trial by jury, but to eliminate patently
unmeritorious claims and defenses. See Swilley v. Hughes, 488 S.W.2d 64, 68 (Tex. 1972).

 Turning first to Petrick's claims, South Austin urges that we must reverse the trial
court's grant of summary judgment in Petrick's favor because there is no evidence of any written
agreement between Petrick and South Austin that would serve as the basis of Petrick's suit against
South Austin. The Real Estate Licensing Act provides:


An action may not be brought in a court in this state for the recovery of a
commission for the sale or purchase of real estate unless the promise or agreement
on which the action is brought, or some memorandum thereof, is in writing and
signed by the party to be charged or signed by a person lawfully authorized by the
party to sign it.



Tex. Rev. Civ. Stat. Ann. art. 6573a § 20(b) (West Supp. 2000) (emphasis added). Though the
statute applies only to actions arising from the "sale or purchase of real estate," the statute defines
"real estate" to include a leasehold. See id. § 2. The supreme court has applied article 6573a to
actions for recovery of a commission on a lease agreement. See Texas Builders v. Keller, 928
S.W.2d 479, 481 (Tex. 1996) (per curiam). Thus where, as here, a broker sues to recover a
commission earned in securing a lease, the writing the broker seeks to enforce must name that
broker, and the essential elements of the commission agreement cannot be supplied by parol
evidence. See id.; Boyert v. Tauber, 834 S.W.2d 60, 62 (Tex. 1992).

 The writing the Brokers seek to enforce is written on letterhead marked "James F.
Parker Interests, Inc." and signed by Parker under the heading "BROKER, JAMES F. PARKER
INTERESTS, INC." Petrick did not sign the commission agreement, nor is he identified
specifically in it. Petrick has therefore failed to prove an essential element of his claim,
precluding a grant of summary judgment in his favor. 

 South Austin goes on to ask us to render judgment in its favor because Petrick is
not mentioned in the commission agreement. However, South Austin included only two grounds
in support of its motion for summary judgment:


[South Austin] is entitled to Summary Judgment as a matter of law because (1)
there was no contract which obligated [South Austin] to pay a commission on the
second lease (as described above) and (2) [the brokers] do not have a written
agreement with [South Austin] for payment of a commission on the second lease.


South Austin did not ask the trial court to grant judgment in its favor on the ground that Petrick
was not a party to the brokerage agreement. Rather, South Austin argued only that the obligation
under the brokerage agreement to pay a commission expired by its own terms 365 days after the
Brokers introduced TDCJ to the property, and that there was no other brokerage agreement. We
cannot grant summary judgment on any other ground now.

 Turning next to the claims asserted by Parker, South Austin asks us to reverse the
grant of summary judgment in Parker's favor because he failed to offer proof that he was a duly
licensed broker when he provided the services for which he seeks to recover a commission. The
Real Estate License Act provides that a broker seeking to collect a commission "may not bring
or maintain an action for the collection of compensation . . . without alleging and proving that the
person performing the brokerage services was a duly licensed real estate broker or salesperson
at the time the alleged services were commenced." Tex. Rev. Civ. Stat. Ann. art. 6573a § 20(a)
(West Supp. 2000).

 The Real Estate License Act requires strict compliance before a broker may
recover. See Coastal Plains Dev. Corp. v. Micrea, Inc., 572 S.W.2d 285, 289 (Tex. 1978). 
Because the record contains no evidence that Parker was a duly licensed real estate broker or
salesperson when the Brokers helped South Austin obtain the lease in question from TDCJ, South
Austin argues that the summary judgment in favor of Parker must be reversed.

 Parker counters that the undisputed evidence in the record is strong enough to
establish through indirect evidence that he is a licensed broker. (3) He points to the fact that South
Austin previously paid Parker a commission under the agreement which is now the subject of this
lawsuit. Also, the commission agreement at issue refers to Parker as "Broker," and Parker is
referred to throughout the record as a "broker." And because South Austin never challenged
Parker's credentials when he provided the services for which he now seeks a commission, Parker
argues that South Austin accepted that he was, in fact, a licensed broker.

 Assuming without deciding that indirect evidence can be used to satisfy the
statutory requirement, the evidence in the record is insufficient to prove conclusively that Parker
is a "duly licensed real estate broker or salesperson" as required by section 20(a). At most, the
evidence shows only that the parties conducted business as though Parker was a licensed broker. 
It does not constitute conclusive proof that he was in fact a licensed broker. "[T]he burden of
pleading and proving licensure is placed upon the party seeking to use the courts to collect
compensation." Coastal Plains Dev. Corp., 572 S.W.2d at 289; see also Conrad v. Artha Garza
Co., 615 S.W.2d 238, 240 (Tex. Civ. App.--Dallas 1981, no writ). Because he failed to prove
conclusively that he was a licensed broker at the relevant time, Parker was not entitled to
summary judgment on this record. (4)

 South Austin further asks this Court to render judgment in its favor based on its
own motion for summary judgment. It reads the commission agreement to include a 365-day limit
on the time in which the Brokers could earn a commission for the TDCJ lease. Since the lease
was undisputedly signed more than 365 days after TDCJ was introduced to the property, South
Austin argues that the commission agreement by its terms precludes the recovery the Brokers
seek. Without deciding whether an ambiguity exists in the contract, we hold that South Austin
has not conclusively proven that its interpretation of the agreement is the only reasonable
interpretation. Summary judgment is therefore inappropriate, requiring that we remand the cause
to the trial court for further consideration.


CONCLUSION


 Because Petrick failed to prove he was a party to the commission agreement, we
hold that the trial court erred by granting summary judgment in his favor. We further hold that
the trial court erred by granting judgment in favor of Parker because he did not prove conclusively
that he was a duly-licensed real estate broker as required by statute. South Austin likewise did
not prove conclusively that it was entitled to judgment on the contract. We therefore reverse the
trial court's judgment and remand the cause for further proceedings.



 

 J. Woodfin Jones, Justice

Before Justices Jones, Kidd and Patterson

Reversed and Remanded

Filed: April 13, 2000

Do Not Publish

1. James F. Parker is the owner of James F. Parker Interests, Inc. David Petrick is an
employee of James F. Parker. Collectively, we will refer to the two as "the Brokers." When
necessary, we will refer to James F. Parker individually and his business both as "Parker," and
to David Petrick as "Petrick."
2. Both parties agree that the second, long-term lease cannot be characterized as an
"expansion or renewal" over the original lease that would require a commission under the
agreement.
3. The Brokers also assert that, because South Austin referred to Parker and Petrick as
"Brokers" in its brief to this Court, this short-hand designation amounts to a judicial admission
that Parker and Petrick are duly licensed brokers. We find this argument unmeritorious.
4. As an alternate basis for reversing the summary judgment in Petrick's favor, we note
that he likewise failed to offer conclusive proof that he was a licensed broker.


ce in the record is strong enough to
establish through indirect evidence that he is a licensed broker. (3) He points to the fact that South
Austin previously paid Parker a commission under the agreement which is now the subject of this
lawsuit. Also, the commission agreement at issue refers to Parker as "Broker," and Parker is
referred to throughout the record as a "broker." And because South Austin never challenged
Parker's credentials when he provided the services for which he now seeks a commission, Parker
argues that South Austin accepted that he was, in fact, a licensed broker.

 Assuming without deciding that indirect evidence can be used to satisfy the
statutory requirement, the evidence in the record is insufficient to prove conclusively that Parker
is a "duly licensed real estate broker or salesperson" as required by section 20(a). At most, the
evidence shows only that the parties conducted business as though Parker was a licensed broker. 
It does not constitute conclusive pr