# NO. 12-07-00226-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *J. MICHAEL LEINBACK, AIA D/B/A JML ARCHITECTS, APPELLANT* | *§* | *APPEAL FROM THE 7TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT OF* |
| *MICHAEL D. BARHAM ARCHITECTS, INC., APPELLEE* | *§* | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

J. Michael Leinback AIA d/b/a JML Architects ("Leinback") appeals the trial court's take nothing judgment notwithstanding the verdict entered in favor of Michael D. Barham Architects, Inc. ("Barham, Inc."). In one issue, Leinback contends that the trial court erred in entering the take nothing judgment rather than entering a judgment in accordance with the jury's verdict. We reverse the trial court's judgment and render judgment for Leinback on the jury's verdict.

## BACKGROUND

The voters living in the Tyler Independent School District ("TISD") approved a school bond package to replace six existing elementary schools and to construct one elementary school on a new site. To compete against larger architectural firms, Barham, Inc. and Leinback formed a "strategic alliance" and bid for the architectural work on Bell and Ramey, the first two replacement elementary schools to be built under the bond package. Ultimately, TISD awarded Barham, Inc. the contract to perform all architectural services on Bell and Ramey (the "project"). During the course of their alliance, the parties engaged in negotiations concerning how net profits would be shared between them. Yet, upon the project's completion, Barham, Inc. refused to pay any percentage of the profits

to Leinback. Thereafter, Leinback filed the instant suit alleging, among other things, that Barham, Inc. breached its contract with him by its failure to pay him a share of the profits pursuant to their agreement. Barham, Inc. filed a counterclaim against Leinback alleging, among other things, that Leinback had breached the contract and had made negligent misrepresentations when he failed to become a shareholder/employee of Barham, Inc.

The testimony at trial supports that there were failed negotiations between Leinback and Barham and his wife, Laurie, on behalf of Barham, Inc. concerning whether Leinback would become a shareholder/employee of Barham, Inc. The record reflects that, subsequently, the Barhams and Leinback discussed how Leinback and the employees of his firm would be compensated for their work on the project. Leinback testified that he and the Barhams agreed that he and his employees would be paid at a rate equal to three times their hourly rate for their time on the project. Leinback stated that under this compensation scheme, he would lose money. Thus, according to Leinback, he negotiated with Barham regarding their sharing the profits upon the conclusion of the project. Leinback testified that he and Barham agreed that Leinback and his employees would work only on the first three of the five phases of the project. Leinback explained that architects typically divide their work into five phases as follows: Schematic Design (15%); Design Development (20%); Construction Documents (40%); Bidding/Negotiation (5%); and Construction Administration (20%). Laurie testified that the above percentages were applicable to the division of architectural work on the project. Leinback testified that he and Barham orally agreed that Barham, Inc. would receive sixty percent of the profits and Leinback would receive forty percent. Leinback further testified that the net profit that Barham, Inc. received from TISD for the project was $238,725.53, a figure given to him by Laurie. Laurie confirmed that this amount was the net profit on the project.

Leinback testified that, pursuant to his agreement with Barham, he would be entitled to forty percent of seventy-five percent of the architect's fee[1] for his participation in the first three phases of the architectural work. Leinback specified in his testimony that, by virtue of this agreement, he was entitled to roughly $70,000.00.[2]

---

[1] From the totality of his testimony, it follows that Leinback considered the net profits from the project to be the "architect's fee."

[2] Forty percent of $238,725.53 would actually have been $71,617.00.

2

Laurie testified that although the net profit figure she had provided to Leinback was accurate, Leinback had proposed a different formula for determining how profits would be shared. Laurie stated that, according to this calculation, which was set forth in a document that neither Leinback nor Barham signed, there was a loss of $27,014.37 during the first three phases of the project. Further, both Laurie and Barham testified that there was never an oral agreement between Barham, Inc. and Leinback that Leinback would receive any profits from the project. Rather, Laurie and Barham contended that the only compensation Barham, Inc. agreed to pay Leinback was the three times hourly rate it had already tendered to him.

Ultimately, the jury found that Leinback had not agreed to join his firm with Barham, Inc. and that he had made no negligent misrepresentations upon which Barham, Inc. had justifiably relied. However, the jury further determined that Leinback and Barham, Inc. had agreed that Leinback would receive a share of the profits for the latter's participation in the project and that Leinback should receive $70,000.00 in damages as a result of Barham, Inc.'s breach of this contract.[3] Thereafter, Barham, Inc. filed a motion for judgment notwithstanding the verdict, which the trial court granted. Subsequently, the trial court entered a judgment that Leinback take nothing.[4] Leinback timely filed this appeal.

## JUDGMENT NOTWITHSTANDING THE VERDICT

In his sole issue, Leinback contends that the trial court erred by disregarding the jury's finding on damages in its final judgment.

---

[3] Leinback was further awarded $67,375.00 in attorney's fees for the trial of the case plus conditional attorney's fees of $25,000.00 if an appeal was made to the court of appeals and $10,000.00 if an appeal was made to the Supreme Court of Texas.

[4] The trial court's judgment does not disturb the jury's finding concerning the agreement between Barham and Leinback. Rather, it disregards the jury's finding concerning Leinback's damages resulting from the breach of this agreement.

**Standard of Review and Governing Law**

To uphold a trial court's judgment notwithstanding the verdict, an appellate court must determine that no evidence supports the jury's findings. *Mancorp v. Culpepper*, 802 S.W.2d 226, 227 (Tex. 1990). In conducting a no evidence review, we must view the evidence in the light most favorable to the verdict, crediting favorable evidence if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 807 (Tex. 2005). Ultimately, we must inquire whether the evidence at trial would enable reasonable and fair minded people to reach the verdict under review. *Id.* at 827. Where there is such evidence of record, the jury's verdict must be upheld. *See id.*; *see also WalMart Stores, Inc. v. Miller*, 102 S.W.3d 706, 709 (Tex. 2003).

Concerning the issue of damages, the trier of fact is afforded considerable discretion in evaluating opinion testimony related thereto. *See McGalliard v. Kuhlmann*, 722 S.W.2d 694, 697 (Tex. 1986). When presented with conflicting evidence, the trier of fact may believe one witness and disbelieve others or it may resolve inconsistencies in the testimony of any witness. *Id.*

To support its breach of contract claim, Leinback was required to prove (1) the existence of a valid contract, (2) that Leinback performed or tendered performance, (3) that Barham, Inc. breached the contract, and (4) that Leinback was damaged as a result of the breach. *See Critchfield v. Smith*, 151 S.W.3d 225, 233 (Tex. App.–Tyler 2004, pet. denied). Moreover, Leinback was required to prove the following elements underlying the formation of a valid and binding contract: (1) an offer, (2) acceptance in strict compliance with the terms of the offer, (3) a meeting of the minds, (4) each party's consent to the terms, and (5) execution and delivery of the contract with the intent that it be mutual and binding. *Id.* Consideration is also a fundamental element of every valid contract. *Id.* The elements of written and oral contracts are the same and must be present for a contract to be binding. *Id.* "In determining the existence of an oral contract, the court looks to the communications between the parties and to the acts and circumstances surrounding those communications." *Id.* If the parties to an oral contract testify to conflicting terms, the reviewing court must presume the terms were those asserted by the party for whom the jury found. *See City of Keller*, 168 S.W.3d at 819.

4

## Analysis

In the instant case, Leinback testified that he reached an agreement with Barham that he would receive forty percent of seventy-five percent of the net profits from the project. The evidence of record is uncontroverted that the net profits from the project were $238,725.53. Although the Barhams each testified that no such agreement was reached, the jury was entitled to believe Leinback's testimony and disbelieve the testimony offered by the Barhams on the issue of existence of an oral contract.

Barham, Inc. further contends that Leinback testified to a different formula for calculating his portion of the profits. Laurie testified that she calculated Leinback's portion of the profits pursuant to this alternate formula, which demonstrated a net loss of $27,014.37 for the first three phases of the project. According to Laurie, pursuant to this formula, the two phases in which Leinback had not participated, which comprised twenty-five percent of the total project, would have accounted for a profit of $265,739.80. Nonetheless, we note that the jury was entitled to resolve inconsistencies in Leinback's testimony. *See McGalliard*, 722 S.W.2d at 697. Moreover, the jury was entitled to disbelieve Laurie's testimony regarding the method by which she calculated the net profit for the project. *Id.*

Barham, Inc. next argues that Leinback pleaded and sought to prove the existence of a joint venture rather than the oral contract that formed the basis of the jury's finding. A plaintiff's petition defines the lawsuit. *See Murray v. O&A Express, Inc.*, 630 S.W.2d 633, 636 (Tex. 1982). The petition should give fair notice of the facts relied on, enabling the defendant to prepare a defense. *See Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 897 (Tex. 2000). A joint venture, being "ex contractu," must be based upon an agreement, either express or implied. *Coastal Plains Development Corp. v. Micrea, Inc.*, 572 S.W.2d 285, 287 (Tex. 1978). Here, Leinback made allegations in his petition that Barham, Inc. was liable to him for breach of an unwritten contract. Thus, it is immaterial which claim Leinback sought to support when he introduced evidence at trial. Ultimately, the record supports that (1) Barham, Inc. had fair notice of Leinback's breach of contract claim and (2) Leinback's breach of contract claim is supported by evidence that would enable

5

reasonable and fair minded people to reach the verdict under review. Furthermore, the trial court did not attempt to set aside the jury's finding that Barham, Inc. breached the oral contract with Leinback. Thus, we conclude that Barham, Inc's contention is without merit.

In sum, we have reviewed the record in the light most favorable to the verdict, crediting favorable evidence if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. Having done so, we cannot conclude that the jury finding at issue lacks evidentiary support. As such, we hold that the trial court erred in entering its judgment notwithstanding the jury's verdict that Leinback take nothing. Leinback's sole issue is sustained.

## Alternate Ground for Affirmance

Barham, Inc. further contends that an alternative ground exists by which the trial court's judgment may be affirmed. Specifically, Barham, Inc. argues that it should have been referred to in the court's charge in its corporate capacity rather than as "Michael D. Barham." Barham, Inc. thus contends that there was no finding of liability made against it. Question number 4 of the court's charge states as follows:

### QUESTION NO. 4

Did J. MICHAEL LEINBACK and MICHAEL D. BARHAM agree that LEINBACK would receive a share of the profits for LEINBACK'S participation in the Bell-Ramey project through the construction document phase in addition to the agreed upon three times wage multiple?

In support of its proposition, Barham, Inc. cites *Sembera v. Petrofac Tyler, Inc.*, 253 S.W.3d 815 (Tex. App.–Tyler 2008, pet. denied). However, *Sembera* is distinguishable from the instant case. In *Sembera*, we determined that one corporation had not been a successor to another corporation and, therefore, could not be jointly and severally liable with that corporation. *Id.* at 833. Here, Barham, Inc. was sued solely in its corporate capacity. It neither made allegations through its pleadings nor presented evidence during trial that Barham acted in any capacity other than as an agent of Barham, Inc.[5] Absent such pleadings or evidence, Barham, Inc.'s alternative ground for

---

[5]*See G.T.E. Southwest v. Bruce*, 998 S.W.2d 605, 618 (Tex. 1999) (Corporations can act only through their agents.).

6

affirming the trial court's judgment notwithstanding the verdict is without merit.

## DISPOSITION

Having sustained Leinback's sole issue, we *reverse* the trial court's judgment and *render* judgment for Leinback in accordance with the jury's verdict.


    __JAMES T. WORTHEN__
Chief Justice


Opinion delivered April 15, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*


(PUBLISH)

7